IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN E. SNEED, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-03134-G-BT |
| | § | |
| ABM AVIATION, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is ABM Aviation, Inc.'s (ABM's) Rule 12(b)(6) Motion to Dismiss (ECF No. 4). For the following reasons, the District Court should GRANT the Motion and dismiss all Plaintiff Stephen E. Sneed, II's claims with prejudice.

## Background

Sneed originally filed this lawsuit in state court on November 5, 2021. Not. of Rem. 8 (ECF No. 1). In his Original Petition, Sneed claims that he began working for ABM as an aid to handicap passengers on February 25, 2020. *Id.* at 9. Sneed alleges that ABM suspended him, "without probable cause," because of "text messages that were forwarded to [an ABM HR employee's] cell phone . . . concerning a bible scripture." *Id.* For this alleged conduct, Sneed seeks $7 million in damages, an injunction ordering ABM to pay Sneed's salary until the conclusion of this lawsuit, and an apology. *Id.* at 9-10.

ABM was served with Sneed's citation on November 16 and removed the lawsuit to this Court on December 16. Def.'s Mot. 1 (ECF No. 4). Subsequently, ABM filed the Motion to Dismiss currently before the Court, asserting that Sneed's claims should be dismissed for failure to state a claim. *Id.* Even though the Court specifically warned Sneed that he must file a written response, Not. (ECF No. 5), he failed to respond to ABM's Motion to Dismiss.

### Legal Standard and Analysis

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

I. <u>Sneed's claims should be dismissed with prejudice because he has abandoned them.</u>

Sneed did not respond to ABM's Motion to Dismiss. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to a motion to dismiss . . . , the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *see also Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (reasoning that the plaintiff abandoned her claim by failing to contest defendant's arguments for dismissal of that claim); *Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645, at *3 (N.D. Tex. Dec. 31, 2020) (Rutherford, J.), *rec. adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021).

3

Here, Sneed has failed to respond to ABM's Motion to Dismiss, or to participate in this case in any way since its removal. Notably, the Court specifically warned Sneed that if he failed to respond to the Motion the Court might find that he abandoned his claims. Ord. 1 (ECF No. 5). Because Sneed has failed to respond to ABM's Motion, the Court finds that he has abandoned his claims. *See Hernandez v. City of Grand Prairie, Tex.*, 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017) (Lindsay, J.) ("When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss . . . , the claim is deemed abandoned."). Accordingly, the District Court should grant ABM's Motion to Dismiss and dismiss all Sneed's claims with prejudice.

II. Alternatively, the Court should grant ABM's Motion because Sneed has failed to state a cognizable claim.

Even if Sneed's claims were not abandoned, they should still be dismissed under Rule 12(b)(6). As an initial matter, it is not clear what causes of action Sneed seeks to bring against ABM. While Sneed generally alleges his rights were violated by ABM, he fails to identify any statute or common law principle as a basis for his suit. *See generally*, Not. of Rem. 8-12.

The Court liberally construes Sneed's Original Petition with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*Pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as

4

to do justice"). Even under this most liberal construction, however, Sneed's Original Petition fails to plead sufficient facts to state a claim upon which relief can be granted against ABM.

Construed liberally, it appears Sneed is attempting to assert a claim under 42 U.S.C. § 1983. His main allegations are that "you cannot suspend an employee for quoting bible scriptures . . . for that is our foundation for freedom of speech" and that he was suspended for "quoting bible scriptures." *Id.* at 9, 12. But only a state actor can be held liable under § 1983. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 923 (1982). A party may be considered a state actor if it "has acted with or has obtained significant aid from state officials," or if its "conduct is otherwise chargeable to the State." *Id.* Sneed fails to identify how ABM meets the definition of state actor—he does not allege that ABM acted with or obtained significant aid from state officials, or that ABM's act of suspending him is chargeable to the state. Accordingly, Sneed has failed to state a § 1983 against ABM.

Sneed's allegations could also be construed as an attempt to bring a claim under Title VII, which prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). To state a claim for religious discrimination Sneed must allege facts to show: (1) he had a bona fide religious belief that conflicted with an employment requirement; (2) ABM was informed of that belief; and (3) Sneed was discharged or disciplined for failing to comply with the conflicting

5

employment requirement. *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 273 (5th Cir. 2000).

Here, the entirety of Sneed's factual allegations come down to the following two sentences:

> I was suspended by [an ABM HR employee] for text messages that were forwarded to [the HR employee's] cell phone that haven't been specified nor a corrective action written for the employee concerning a bible scripture Leviticus 20:13. Only [the HR employee] is aware of the text messages he has not informed his supervisors under him other than suspending [me] without probable cause.

Not. of Rem. 9. Significantly, Sneed fails to identify any bona fide religious belief or any conflicting employment requirement. His vague allegations thus fail to show he is plausibly entitled to relief. Indeed, his allegations do not permit the court to infer even the possibility of misconduct.[1]

Even construed liberally, Sneed has failed to meet the federal pleading standard for bringing any claim against ABM. Accordingly, Sneed's claims should be dismissed under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678-79.

   III.  <u>Sneed's claims should be dismissed with prejudice because he has had the opportunity to plead his best case and has failed to do so.</u>

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a

---

[1] ABM also argues the Court should dismiss any Title VII claim because Sneed has not pleaded that he exhausted his administrative remedies. But failure to exhaust is an affirmative defense and constitutes grounds for dismissal only when the grounds for the defense appear on the face of the complaint. *See, e.g.*, *Nora v. Cushman & Wakefield,* 2020 WL 4573844, at *5 (N.D. Tex. June 22, 2020) (Horan, J.), *rec. adopted*, 2020 WL 4569063 (N.D. Tex. Aug. 7, 2020).

claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)))).

Sneed has had the opportunity to plead his best case and has failed to do so, despite the Court's warnings that failure to respond to ABM's Motion may lead to the dismissal of his claims. *See* Not. (ECF No. 5). In the months since this case was removed, Sneed has failed to participate in the lawsuit in any way. Sneed has demonstrated himself an "ineffective litigant" and the Court should thus refuse to

give him "a second chance to develop" his fatally flawed case. *Reliance*, 110 F.3d at 258 (citing *Turnage*, 953 F.2d at 208-09).

## RECOMMENDATION

For the reasons stated, the District Court should GRANT ABM's Motion to Dismiss (ECF No. 4) and DISMISS all Sneed's claims with prejudice.

**SO RECOMMENDED.**

March 30, 2022.

                                    REBECCA RUTHERFORD
                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

8